# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANESHA DEXTER**                                                                                    **PLAINTIFF**

v.                              **CASE NO. 4:21-CV-00291-BSM**

**UNIVERSITY OF CENTRAL ARKANSAS,**
Music Department                                                                                     **DEFENDANT**

## ORDER

Anesha Dexter's motion for leave to appeal *in forma pauperis* [Doc. No. 1] is granted. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*). This suit, however, is dismissed with prejudice because Dexter failed to bring it within ninety days of the Equal Employment Opportunity Commission's (EEOC) denial of her employment discrimination claim. 42 U.S.C. § 2000e-5(f)(1).

Dexter filed a charge of discrimination with the EEOC, alleging she was harassed, endured a hostile work environment, and ultimately was discharged because of her race. *See* Compl., Doc. No. 2. On December 21, 2020, the EEOC issued a notice denying her charge of discrimination and advising Dexter of her right to sue within ninety days. *Id.* at 11. Included in the denial were instructions on how to appeal the EEOC's decision, which emphasized the applicable time limits in bold print. *Id.* Under Title VII of the Civil Rights Act of 1964, Dexter had until Monday, March 22, 2021, to file suit. 42 U.S.C. §2000e-5(f)(1). She did not file suit until April 12, 2021, three weeks beyond the limitations period.

Although Dexter acknowledges her complaint is untimely filed, she asks for leniency and explains that, once she discovered she had missed the deadline, it took "everything in [her] to complete the claim." *Id.* at 10. She mentions that she suffers from Attention Deficit Hyperactivity Disorder (ADHD) but she does not specifically cite that disorder as the reason for her untimeliness. *Id.* at 9-10. Instead, she mentions it to explain away any issues with the clarity of the complaint. *Id.* Dexter states that she has endured an "emotional, physical, and emotional toll" as a result of having to "write and recall the details" of her claim. *Id.* at 10. She indicates for the first time in her complaint that she was discriminated against because of her disability. Compl., Doc. 2 at 2. She did not, however, bring a claim under the Americans with Disabilities Act. *See e.g.*, *Roberson v. Crawlspace Solutions of Arkansas, Inc.*, No. 4:19cv156-SWW, 2021 WL. 41751 (E.D. Ark. 2021); 42 U.S.C. §§ 12101 *et seq*. And, ADHD is not covered by Title VII.

The untimeliness of the Complaint is a valid reason for preservice dismissal under 28 U.S.C. § 1915(e)(2); however, the ninety-day limitation period is subject to equitable tolling. *Winston v. Burl*, 596 Fed. App'x 525 (8th Cir. 2015) (affirming § 1915A preservice dismissal of claims that were barred by statute of limitations). "The Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124

n2 (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (*per curiam*)).  Equitable tolling is limited to circumstances truly beyond a party's control, and thus a "garden variety claim of excusable neglect" is insufficient.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling . . . where the complainant has been induced or tricked . . . into allowing the deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

There is nothing in Dexter's papers that raises a reasonable inference that equitable tolling would be appropriate here, or otherwise suggests a compelling basis for excusing the lateness of her complaint.  While I am sensitive to her noted anxiety and ADHD, Dexter has not shown the delay in filing her complaint was beyond her control.

Therefore, Dexter's case is dismissed with prejudice. It is certified that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 20th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE